UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| BETTIE J. BOGGS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 07-369-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| CORBIN CITY POLICE, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Bettie J. Boggs has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, asserting claims against the Corbin City Police and three John Doe Defendants.[1] She alleges that three unidentified Corbin City Police officers violated her constitutional rights by using excessive force against her on October 27, 2006. She seeks $1,000,000.00 in monetary damages from the Defendants.

In conjunction with her Complaint, Boggs filed a motion to proceed *in forma pauperis*, which the Court granted on October 24, 2007. Accordingly, although she is not a prisoner, 28 U.S.C. § 1915(e)(2)(B) authorizes the Court to screen her civil case and to dismiss it at any time if it determines that the action is: (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted. Here, Boggs has failed to state a claim upon which relief can be granted

---

[1] In her Complaint, the Plaintiff lists the Corbin City Police as the only Defendant. However, she also lists several unknown Corbin City Police Officer under the section for description of defendants. [*See* Record No. 1, p.1 § II] Therefore, the Court has construed her Complaint as also asserting claims against the three John Doe Defendants.

against the Corbin City Police, but her claims against the three John Doe Defendants may proceed if service is effectuated on them within the time provided by the Federal Rules of Civil Procedure.

### I. The Complaint

The following is a summary of the allegations contained in § III of the complaint form. [Record No. 1] Boggs states that she is a 61 year old grandmother and that, on or about October 27, 2006, she was running down a street in Corbin, Kentucky, with her grandson when she fell and hit her head. She claims that she was suffering from a headache at the time of the fall and that she remembers nothing after the fall. However, according to Boggs, her neighbors later told her that the police came, put handcuffs and shackles on her, used a taser gun on her three times, and delayed calling an ambulance. She claims that she was hospitalized for over 16 days as a result of the incident. Boggs further states that she has been unable to ascertain the names of the three Corbin City police officers who were allegedly involved in the incident.

### II. Discussion

#### A. Claims Against the Corbin City Police

By asserting a claim against the City of Corbin Police Department, Boggs is essentially asserting a claim against the municipal body of the City of Corbin, Kentucky. In order to impose liability against a municipality pursuant to 42 U.S.C. § 1983, a plaintiff must allege that the violation of his constitutional rights was part of a governmental custom, policy, ordinance, regulation or decision. *See Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir.1993), *cert. denied*, 510 U.S. 1177 (1994). Specifically, a plaintiff must plead three elements: "(1) an official policy or custom

that (2) causes the Plaintiff to be subjected to (3) a denial of a constitutional right." *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983).

Where a plaintiff simply alleges "constitutional torts committed by city employees without official sanction," a claim for municipal liability fails. *Amnesty America v. Town of West Hartford*, 361 F.3d 113, 125 (2d Cir. 2004). In other words, municipalities can not be held liable for the actions inflicted by their employees under the theory of *respondeat superior*. Under *Monell*, a plaintiff suing under § 1983 must allege and show that a municipality's implementation of a policy caused the constitutional injury.

A *pro se* complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Here, however, the Plaintiff fails to allege even in basic layman's terms that the City of Corbin or its Police Department had or followed a custom or policy which caused the injury about which she complains. She alleges *only* that three unidentified Corbin City police officers assaulted her in violation of her constitutional right to remain free from an unreasonable seizure.

While the Plaintiff has asserted claims against three John Doe Defendants, she has not alleged a viable Fourth Amendment claim against the City of Corbin or its Police Department. Therefore, the claims against the Corbin City Police Department will be dismissed, with prejudice.

      **B.**    **Claims Against "John Doe" Defendants**

As noted previously, the Court has construed Boggs' Complaint as also stating a claim against the three unidentified officers allegedly involved in the incident on October 23, 2007. Without providing any details as to her efforts, Boggs claims that she has been unable to obtain the

police report which contains the names of the Corbin City police officers who allegedly assaulted her. The Court notes that Federal Rule of Civil Procedure 4 provides, in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the Plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if Plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P 4(m).

Accordingly, Boggs has 120 days from the date she filed her Complaint, October 23, 2007, within which to amend her complaint, name specific Defendants, and effectuate service on them. She is put on notice that her failure to meet the requirements of the federal rules could result in dismissal of this action.

## CONCLUSION

(1) The Clerk of the Court is directed to list the three "John Doe Defendants" as additional parties to this action.

(2) Plaintiff Bettie Bogg's claims against Defendant Corbin City Police are **DISMISSED**, with prejudice.

This 5th day of November, 2007.



Signed By:
*Danny C. Reeves* DCR
United States District Judge